IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT LEE, JR.,

        Petitioner,                       No. CIV S-07-2459 LKK JFM P

    vs.

JOHN MARSHALL Warden,

        Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondent's motion to dismiss this action as barred by the one year statute of limitations. See 28 U.S.C. § 2244(d).

        Section 2244(d)(1) of Title 28 of the United States Code provides:

        A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

/////

/////

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On December 29, 1994, petitioner was convicted pursuant to a guilty plea of four counts of lewd or lascivious acts with a child under fourteen years in violation of California Penal Code § 288(a). On the same day, petitioner was sentenced to a determinate state prison term of twenty years. Petitioner did not appeal his conviction or sentence.

2. On November 27, 2001, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court.[1] Lodged Document No. 2.[2] That petition was denied by order filed February 8, 2002. Lodged Document No. 3.

/////

---

[1] November 27, 2001 is the date on which petitioner, proceeding pro se, delivered the state superior court habeas petition to prison officials for mailing. Lodged Document No. 2. Under the mailbox rule, that date is considered the filing date of the petition. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

[2] All documents identified as Lodged Documents were filed by respondent in this action on March 10, 2008.

3. On July 21, 2002,[3] petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. Lodged Document No. 4. That petition was denied by order filed September 30, 2002. Lodged Document No. 5.

4. On September 1, 2006,[4] petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court. Lodged Document No. 6. On November 27, 2006, the petition was denied. Lodged Document No. 7.

5. On January 25, 2007,[5] petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. Lodged Document No. 8. The petition was denied on February 8, 2007. Lodged Document No. 9.

6. On April 5, 2007,[6] petitioner filed a petition for writ of habeas corpus in the California Supreme Court. Lodged Document No. 10. That petition was denied on October 10, 2007. Lodged Document No. 11.

7. Petitioner filed the instant action in federal court on November 15, 2007.

Petitioner's conviction became final on February 27, 1995, when the sixty day period for filing a direct appeal expired. 28 U.S.C. § 2244(d)(1); Cal Rules of Court, Rule 8.308. The federal limitation period started to run the next day. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Because petitioner's conviction became final before the April 24, 1996 effective date of the statute of limitations, petitioner's federal court petition was due one year from the effective date of the statute of limitations. Miles v. Prunty, 187 F.3d 1104, 1105

---

[3] July 21, 2002 is deemed the filing date of this petition pursuant to the mailbox rule. See footnote 1, supra.

[4] September 1, 2006 is deemed the filing date of this petition pursuant to the mailbox rule. See footnote 1, supra.

[5] January 25, 2007 is deemed the filing date of this petition pursuant to the mailbox rule. See footnote 1, supra.

[6] April 5, 2007 is deemed the filing date of this petition pursuant to the mailbox rule. See footnote 1, supra.

1  (9th Cir. 1999). Therefore, the last day petitioner had to file a petition for writ of habeas corpus
2  in federal court was April 25, 1997, plus any time allowed for tolling. Patterson, 251 F.3d at
3  1243, 1246.
4         As a general rule, the limitation period is tolled "while a California petitioner
5  'complete[s] a full round of [state] collateral review.'" Delhomme v. Ramirez, 340 F.3d 817,
6  819 (9th Cir. 2003)(quoting Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)). Here,
7  however, petitioner did not commence the state exhaustion process until he filed his first petition
8  for writ of habeas corpus on November 27, 2001, long after the statute of limitations period had
9  run on April 25, 1997. State habeas petitions filed after the one-year statute of limitations has
10 expired do not revive the statute of limitations and have no tolling effect. See Ferguson v.
11 Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir.2001);
12 Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000). Because petitioner failed to file any post-
13 conviction challenges within the statute of limitations period, the limitations period expired.
14 Petitioner's filing in federal court, on November 15, 2007, cannot revive a statute of limitations
15 period.
16        In addition, petitioner's subsequent post-conviction challenges do not toll the
17 statute of limitations because they were also filed outside the limitations period. Thus, the state
18 habeas petitions filed by petitioner from 2002 to 2007, after the statute of limitations had expired,
19 do not entitle petitioner to statutory tolling of the one-year period of limitation. Id.
20        Moreover, even assuming, arguendo, that petitioner is claiming that he did not
21 discover the factual predicate of his claim until some date after his initial conviction, his claim
22 would still be time-barred. Under Section 2244(d)(1)(D), AEDPA's statute of limitations
23 commences when petitioner knows or through the exercise of due diligence should discover the
24 factual predicate of his claims, not when petitioner learns the legal significance of those facts.
25 Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir.2003); Hasan v. Galaza, 254 F.3d 1150, 1154 n.
26 3 (9th Cir.2001); see also Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir.2004) ("Section

1  2244(d)(1)(D) provides a petitioner with a later accrual date than Section 2244(d)(1)(A) only 'if
2  vital facts could not have been known.' ") (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir.
3  2000)).
4      At some point, petitioner received a letter dated August 25, 2000, from the trial
5  court confirming that the abstract of judgment was amended nunc pro tunc to December 29, 1994
6  (sentencing date) in response to a Department of Corrections letter reminding the court that local
7  conduct credits could not exceed 15% of actual local credits pursuant to Cal. Penal Code
8  § 2933.1. Lodged Document No. 2, Ex. 3. Assuming petitioner received this letter on or about
9  September 8, 2000,[7] the statute of limitations period would begin to run on September 8, 2000,
10 and would expire one year later, on September 8, 2001. Fed. R. Civ. P. 6(a) (excluding the day
11 from which the period begins to run from the calculation of the time). The instant petition, filed
12 November 15, 2007, was filed over six years too late.[8]
13     It is more likely, however, that petitioner learned of the error prior to 2000. See
14 Lodged Document No. 3 at 3. On February 8, 2002, the Superior Court noted that petitioner

> should have learned shortly after he arrived at prison. Even the
> Legal Status Summary sheet attached to the petition shows that he
> should have known of the error at least by October 28, 1997. This
> document, which is dated October 28, 1997, shows an estimated
> minimum release date of September 26, 2011. This date should
> have put petitioner on notice that he was not going to receive half
> time credits.

19 Id. If petitioner learned of the sentencing error by October 28, 1997, his petition for writ of
20 /////

---

[7] It is not clear when petitioner received this letter or if petitioner had learned of the revised abstract of judgment prior to the date of this letter. The record reflects, however, that petitioner did receive the August 25, 2000 letter and, on September 19, 2000, filed an inmate appeal concerning his plea bargain. (Lodged Document No. 2, at Ex. 1.) The letter was mailed from Sacramento to San Luis Obispo, California. (Id.) A period of two weeks would be reasonable for the letter to be mailed from Sacramento, received in San Luis Obispo, and routed to petitioner through the prison mail.

[8] Petitioner's initial state court petition was filed November 27, 2001, almost three months after the limitations period ran, so it would not toll any of the limitations period.

5

habeas corpus was due in federal court on or before October 28, 1998, again rendering the instant filing over nine years late.

Petitioner's citation to Buckley v. Terhune, 266 F.Supp.2d 1124 (C.D. Cal. 2002) is also unavailing. In Buckley, the court found the statute of limitations period was tolled "for all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies." Id., citing Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000). Unlike petitioner here, Buckley had initially filed a complete round of petitions for writ of habeas corpus, first in the Los Angeles County Superior Court, then in the California Court of Appeal, and finally in the California Supreme Court. Buckley, 266 F.Supp.2d at 1136. Here, petitioner filed serial petitions for writs of habeas corpus in the Sacramento County Superior Court, failing to complete a full round of exhaustion for his initial petition for writ of habeas corpus. Moreover, as noted above, his initial state court petition was filed outside the limitations period.

Petitioner alleges that his claim falls within an exception to the bar of timeliness under 28 U.S.C. § 2244(d)(1)(B)-(D) and In re Robbins, 18 Cal.4th 770, 780 (1998).[9] However, petitioner failed to provide any facts in support of his claims of exception. Rather, petitioner contends the petition demonstrates a fundamental miscarriage of justice has occurred, citing the fourth prong of Robbins, alleging he was convicted or sentenced under an invalid statute. (Opp'n. at 2.) However, the record does not reflect that petitioner was sentenced pursuant to an

---

[9] "(4) A claim that is substantially delayed without good cause, and hence is untimely, nevertheless will be entertained on the merits if the petitioner demonstrates (i) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (ii) that the petitioner is actually innocent of the crime or crimes of which he or she was convicted; (iii) that the death penalty was imposed by a sentencing authority that had such a grossly misleading profile of the petitioner before it that, absent the trial error or omission, no reasonable judge or jury would have imposed a sentence of death; or (iv) that the petitioner was convicted or sentenced under an invalid statute. When we apply the first three of these exceptions, we shall do so exclusively by reference to state law. When we apply the fourth exception, we apply federal law in resolving any federal constitutional claim." In re Robbins, 18 Cal.4th at 780-81.

invalid statute.  Petitioner pled guilty to four counts of lewd or lascivious acts with a child under fourteen years in violation of California Penal Code § 288(a) and sentenced to twenty years thereon.  That statute is not invalid.[10]  Petitioner has failed to demonstrate a fundamental miscarriage of justice has occurred.  Accordingly, this claim must fail.[11]

The instant action was filed on November 15, 2007, approximately ten years and six months after the federal statute of limitations expired, or, assuming his claim fell within 28 U.S.C. § 2244(d)(1)(D), over six or nine years after the limitations period expired.  Petitioner has made no showing that would entitle him to equitable tolling of the limitation period.  Cf. Harris v. Carter, 515 F.3d 1051 (9th Cir. 2008) (equitable tolling of the limitation period "typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control.")

For all of the foregoing reasons, this action is barred by the statute of limitations. Accordingly, respondents' motion to dismiss should be granted.

IT IS HEREBY RECOMMENDED that:

1. Respondents' March 10, 2008 motion to dismiss be granted; and

2. This action be dismissed as barred by the statute of limitations.

/////

---

[10] On November 27, 2006, the Sacramento County Superior Court informed petitioner he had no remedy available based on his effort to have his plea bargain enforced.  Lodged Document No. 7 at 3.  The court informed petitioner that the application of Cal. Penal Code § 2933.1 was mandatory and prevented petitioner from obtaining enforcement of his plea bargain.  (Id., citing In re Daniel M. Williams, 83 Cal.App.4th 936, 944-45 (Cal. Ct. App. 2000).) The Superior Court further informed petitioner that "[i]f petitioner had acted in a timely manner, . . . petitioner would have been returned to the point at which he entered a plea; at that point petitioner was facing additional charges.  By failing to act more promptly, petitioner in effect agreed to the sentence he is serving, which is lawful."  Lodged Document No. 7 at 3.

[11] If petitioner's sentence had been imposed under an invalid statute and/or was in excess of that actually permitted under state law, a federal due process violation might be presented. See Marzano v. Kincheloe, 915 F.2d 549, 552 (9th Cir. 1990)(due process violation found where petitioner's sentence of life imprisonment without the possibility of parole could not be constitutionally imposed under the state statute upon which his conviction was based).  However, petitioner has failed to make any such showing.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 28, 2008.

UNITED STATES MAGISTRATE JUDGE

001; lee2459.mtd